UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                Case No. 06-CR-20603
                                                HON. GEORGE CARAM STEEH

MICHAEL HALL,

    Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION
## FOR PRETRIAL DISCLOSURE OF IMPEACHING INFORMATION (#20)

Defendant Michael Hall moves for pretrial disclosure of impeaching information regarding all witnesses to be called at trial, who testified before the grand jury, or who furnished statements during the investigation of this case, including the disclosure of "rap sheets," prior misconduct or bad acts, promises or consideration given to any government witness, identification of previous testimony given in any court, grand jury proceeding, or other similar body or tribunal, or any other evidence material to Hall's guilt or punishment. The government acknowledges its obligation to disclose impeachment evidence in time for use at trial.

Brady v. Maryland, 373 U.S. 83 (1963) did not create a constitutional right to pre-trial discovery in a criminal proceeding. United States v. Presser, 844 F.2d 1275, 1284 (6th Cir. 1988). As to impeachment material:

> . . . . [T]he government cannot be compelled to disclose impeachment material which would be covered by the Jencks Act [18 U.S.C. § 3500] relating to any potential government witness, whether it be a witness in the case-in-chief or a rebuttal witness. Further, the government need not disclose impeaching material in its possession relating to any potential defense witness where that impeaching material does not meet the Brady test of being material and exculpatory.

Id. A criminal defendant does not have a general right to pre-trial discovery of

impeachment evidence where the prosecution denies that the material is exculpatory and material. Id. at 1283.

> . . . So long as the defendant is given impeachment material, even exculpatory impeachment material, in time for use at trial, we fail to see how the Constitution is violated. Any prejudice the defendant may suffer as a result of disclosure of the impeachment evidence during trial can be eliminated by the trial court ordering a recess in the proceedings in order to allow the defendant time to examine the material and decide how to use it.

Id.

The government has recognized its obligation to disclose impeachment evidence in time for use at trial. Consistent with Brady, Presser, and the Jencks Act, defendant Hall's motion for pretrial disclosure of impeachment evidence is hereby DENIED.

SO ORDERED.

Dated: March 8, 2007

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on March 8, 2007, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk